IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RANDAL B. McCOY, AIS # 245069,    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )       CASE NO. 2:26-CV-144-WKW
                                  )              [WO]
DR. MENDEZ, *et al.*,             )
                                  )
            Defendants.           )

## **ORDER**

Before the court is Plaintiff Randal B. McCoy's construed motion for a preliminary injunction. (Doc. # 1 at 18.) Plaintiff requests "[a] preliminary injunction ordering defendants . . . at Staton Correctional to provide the immediate adequate medical care or treatment for his right knee and back injuries." (Doc. # 1 at 18.) On March 9, 2026, an Order was issued, directing John Q. Hamm, Commissioner of the Alabama Department of Corrections, or his authorized designee to show cause why the court should not order the preliminary injunctive relief requested by Plaintiff. (Doc. # 3 ("March 9 Order").)

On March 30, 2026, counsel for CHS AL, LLC d/b/a YesCare Corp. ("YesCare") filed a response to the March 9 Order (Doc. # 7), which included the

declaration of Dr. Marcial Mendez (Doc. # 7-1)[1] and Plaintiff's medical records (Doc. # 7-2).  In its response, YesCare argues that Plaintiff's construed motion for a preliminary injunction should be denied for at least two reasons.  First, Plaintiff's request for injunctive relief "should be denied as vague because it does not contain an operative command capable of enforcement and merely requires defendants to 'obey the law.'"  (Doc. # 7 at 9.)  Second, Plaintiff cannot show that he is likely to suffer irreparable harm without an injunction.  (Doc. # 7 at 9–11.)

The decision whether to grant a preliminary injunction is within the sound discretion of the court.  *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  The court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits of the complaint; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *See id.*

In view of YesCare's response, Plaintiff has not met his burden of demonstrating the four prerequisites for a preliminary injunction.  He has failed to

---

[1] The declaration submitted on March 30, 2026 was signed by counsel for YesCare "w/ express permission to be supplemented." (Doc. # 7-1 at 9.)  On March 31, 2026, counsel for YesCare filed a supplement to the response, providing a revised signature page for Dr. Mendez's declaration. (Doc. # 8.)

show a substantial likelihood of success on the merits.  Moreover, Plaintiff has not shown that irreparable injury will occur without an injunction.  YesCare, on the other hand, has provided evidence that shows Plaintiff has received ongoing treatment for his knee issues (Doc. # 7 at 2–7; Doc. # 7-1), including knee surgery on January 15, 2026 (Doc. # 7 at 6; Doc. # 7-1 ¶ 16).

As for Plaintiff's alleged back injuries, the allegations in his complaint concern only his ongoing knee issues.  There is no mention of any back injury until his request for injunctive relief.  (*See* Doc. # 1 at 18.)  Additionally, Dr. Mendez states in his declaration that he reviewed Plaintiff's medical records and did not see any notes indicating that Plaintiff has any back injuries requiring treatment.  (Doc. # 7-1 ¶ 21.)  Furthermore, Plaintiff has not demonstrated that a threatened injury outweighs potential harm to the non-moving parties (*i.e.*, the forty-five parties named as Defendants in the complaint), and it is uncertain whether granting Plaintiff's requested injunction would align with the public interest.  Consequently, Plaintiff's motion for a preliminary injunction will be denied.

Based on the foregoing, it is ORDERED that Plaintiff's construed motion for a preliminary injunction (Doc. # 1 at 18) is DENIED.

DONE this 8th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3