IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDAL B. McCOY, AIS # 245069, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-144-WKW |
| | ) | |
| DR. MENDEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are three pending motions filed by Plaintiff Randal B. McCoy: (1) a "Motion for Order" (Doc. # 9); (2) a "Motion to Leave" (Doc. # 15); and (3) a Motion for Order to Staton Correctional to Deduct Partial Filing Fee from Inmate Account (Doc. # 16). Each motion will be addressed in turn.

### A.   "Motion for Order"

Plaintiff's "Motion for Order" is his second motion for an order directing the account clerk at Staton Correctional Facility to produce Plaintiff's account statement. (Doc. # 9.) This motion was denied as moot when the court granted Plaintiff's application for leave to proceed *in forma pauperis*. (Doc. # 12 at 5.) Accordingly, this motion will be terminated as moot.

**B.**   **"Motion to Leave"**

In Plaintiff's "Motion to Leave," he essentially reiterates the claims contained in his complaint.  (Doc. # 15.)  He also notes that he filed written objections to YesCare's response to the show-cause Order issued by the court on March 9, 2026.  (Doc. # 15 ¶ 1; *see also* Doc. # 3 (directing the Commissioner of the Alabama Department of Corrections or his authorized designee to show cause as to why this court should not order preliminary injunctive relief in response to Plaintiff's request).)  Following receipt of YesCare's response to the court's show-cause Order on March 30, 2026, Plaintiff's construed motion for a preliminary injunction was denied by Order dated April 8, 2026.  (Doc. # 11.)  Plaintiff's objections to YesCare's response to the show-cause Order, dated "4/7/26," were not received and docketed by the court until April 13, 2026.  (Doc. # 14.)  Plaintiff's objections are noted but do not affect the denial of Plaintiff's construed motion for preliminary injunctive relief.  And consequently, Plaintiff's "Motion to Leave," which seems to relate to the denial of his construed motion for a preliminary injunction, will be denied.

**C.**   **Motion for Order to Staton Correctional to Deduct Partial Filing Fee from Inmate Account**

Finally, Plaintiff asks the court to issue an order directing the account clerk at Staton Correctional Facility to deduct the ordered initial partial filing fee from Plaintiff's inmate account.  (Doc. # 16.)  In support of this motion, Plaintiff states

2

that he has submitted two withdrawal request forms and Staton has failed to fulfill the request.  He also attached a completed Inmate Withdrawal Request Form, on which he has written "3rd Request." (Doc. # 16-1.)  Upon consideration, this motion will be granted.

**D.     Conclusion**

Based on the foregoing it is ORDERED that:

(1)     The Clerk of Court is DIRECTED to terminate Plaintiff's "Motion for Order" (Doc. # 9) as a pending motion;

(2)     Plaintiff's "Motion to Leave" (Doc. # 15) is DENIED;

(3)     Plaintiff's Motion for Order to Staton Correctional to Deduct Partial Filing Fee from Inmate Account (Doc. # 16) is GRANTED;

(4)     The Clerk of Court is DIRECTED to send a copy of this Memorandum Opinion and Order to the inmate account clerk at Staton Correctional Facility; and

(5)     On or before **May 18, 2026**, the inmate account clerk shall remit the Plaintiff's initial partial filing fee as he has requested or show cause as to why such action cannot be undertaken.

DONE this 4th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3