IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RANDAL B. McCOY, AIS # 245069,    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    CASE NO. 2:26-CV-144-WKW
                                  )         [WO]
DR. MENDEZ, *et al.*,             )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Randal B. McCoy, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint against 45 Defendants.[1]   (Doc. # 1.) Plaintiff's complaint—which includes the attached Rules of Evidence cover letter (Doc. # 1-1), 117 pages of inmate grievance forms and sick-call requests (Doc. # 1-2), and memorandum of law (Doc. # 1-3)—totals 145 pages.  Plaintiff's application for leave to proceed *in forma pauperis* has been granted (Doc. # 25), and the complaint is before the court for screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[1] By Order dated March 9, 2026, Plaintiff's complaint was construed as containing an imbedded motion for a preliminary injunction, and a response was ordered.  (Doc. # 3 ("March 9 Order").) On March 30, 2026, counsel for CHS AL, LLC d/b/a YesCare Corp. filed a response to the March 9 Order, arguing that Plaintiff's motion should be denied.  (Doc. # 7.)  After consideration of Plaintiff's construed motion for a preliminary injunction and the response submitted by YesCare, Plaintiff's construed motion was denied.  (Doc. # 11.)

**A.** **Impermissible Shotgun Pleading**

Plaintiff's complaint, in its current form, constitutes an impermissible "shotgun" pleading. The Eleventh Circuit "ha[s] identified four rough types or categories of shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The first and "most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second and "next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

2

Plaintiff's complaint is filled with conclusory, vague, immaterial, and seemingly unrelated facts. Furthermore, the complaint asserts a wide variety of claims (*e.g.*, deliberate indifference, medical malpractice, assault and battery in violation of the Federal Tort Claims Act) but fails to specify which of the 45 Defendants allegedly is liable under each claim. In short, the complaint wholly fails to give the 45 Defendants adequate notice of the claims brought against them and the grounds upon which each claim rests.

**B.**     **Rule 201 of the Federal Rules of Evidence**

In the Rules of Evidence cover letter attached to his complaint, Plaintiff states that the court "shall take judicial notice of the enclosed attached exhibits (A–I) for specific names of defendants . . . and [their] role[]s in this suit." (Doc. # 1-1 (citing Fed. R. Evid. 201(d)).) First, Plaintiff seems to fundamentally misunderstand the concept of judicial notice. According to Rule 201(b) of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff essentially asks the court to take judicial notice of 117 pages of grievance forms and sick-call requests. More than that, Plaintiff seems to direct the court to weed through the attached exhibits to not only identify Defendants but also to ascertain the claims

3

Plaintiff wishes to assert against them. None of the information submitted by Plaintiff is the type to be judicially noticed and, thus, will not be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence.

Second, Plaintiff cites Rule 201(d), which states, "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). While it is true the court can take judicial notice at this stage (and any other stage) of the proceeding, the information presented by Plaintiff is not the type to be judicially noticed.

**C.     Statute of Limitations**

Although Plaintiff's claims are difficult to discern, it appears that at least some of his claims are barred by the statute of limitations.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). "Federal law, though, determines when a § 1983 plaintiff's cause of action accrues." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025). "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (cleaned up). Claims brought after the expiration of the

4

statute of limitations may be considered frivolous. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); *see also Reid v. Republic Bank & Tr. Inc.*, 805 F. App'x 915, 916 (11th Cir. 2020) (affirming the district court's *sua sponte* dismissal of some claims under § 1915(e)(2)(B) based on the expiration of the limitations period).

It is unclear when Plaintiff's complaint should be deemed filed.[2]  The complaint itself is dated June 24, 2025. (Doc. # 1 at 19.)  The Rules of Evidence cover letter is dated October 10, 2025 (Doc. # 1-1), and the sworn affidavit at the end of Plaintiff's memorandum of law is also dated October 10, 2025 (Doc. # 1-3 at 7.)  But looking at the exhibits filed by Plaintiff, one is an inmate grievance form dated February 26, 2026. (Doc. # 1-2 at 111.)  Based on the date on that particular inmate grievance form, and construing the complaint in Plaintiff's favor as to its filing date, the earliest Plaintiff could have delivered his complaint to prison authorities for mailing is February 26, 2026.  Accordingly, any potential claims asserted by Plaintiff based on alleged occurrences predating February 26, 2024, are likely barred by the two-year statute of limitations.

---

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).

**D.** **Conclusion**

Based on the foregoing, it is ORDERED that Plaintiff must file an amended complaint on or before **July 14, 2026**.  The amended complaint must:

1. Include only those *specific* Defendants whom Plaintiff contends are personally responsible for the alleged violations of his constitutional rights;

2. Specify the actions or omissions of <u>each</u> Defendant that led to the alleged constitutional violations;

3. Describe how the acts or omissions of <u>each</u> Defendant harmed him; and

4. Describe when and where these alleged violations occurred.

To aid Plaintiff in complying with this Memorandum Opinion and Order, the Clerk of Court is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 actions:  Pro Se 14 (Rev. 12/16), Complaint for Violation of Civil Rights (Prisoner).  **<u>Plaintiff must use the provided form to file his amended complaint.</u>**  The amended complaint will supersede the original complaint such that this action will proceed only as to Defendants named and the claims presented in the amended complaint.

Plaintiff is reminded that he must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within 14 days following such change of address.  Plaintiff is CAUTIONED that failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

It is further ORDERED that Plaintiff's motion for leave to amend the complaint (Doc. # 19) is DENIED as moot.

DONE this 23rd day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE