IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDAL B. McCOY, AIS # 245069, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-144-WKW |
| | ) | [WO] |
| DR. MENDEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Randal B. McCoy, an inmate proceeding *pro se*, initiated this action by filing a 145-page 42 U.S.C. § 1983 complaint against 45 Defendants.[1]  (Doc. # 1.)  In a Memorandum Opinion and Order dated June 23, 2026, Plaintiff's complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  (Doc. # 27 ("June 23 Mem. Op. & Order").)  In the June 23 Mem. Op. & Order, Plaintiff was informed that his complaint constituted an impermissible shotgun pleading, and he was directed to file an amended complaint with specific instructions on how to do so.  (Doc. # 27 at 2–3, 6.)

---

[1] By Order dated March 9, 2026, Plaintiff's complaint was construed as containing an imbedded motion for a preliminary injunction, and a response was ordered.  (Doc. # 3 ("March 9 Order").)  On March 30, 2026, counsel for CHS AL, LLC d/b/a YesCare Corp. filed a response to the March 9 Order, arguing that Plaintiff's motion should be denied.  (Doc. # 7.)  After consideration of Plaintiff's construed motion for a preliminary injunction and the response submitted by YesCare, Plaintiff's construed motion was denied.  (Doc. # 11.)

As directed, Plaintiff has filed an "amended" complaint (Doc. # 30), which is before the court for screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The amended complaint names 58 Defendants, with vague references to other individuals throughout what is best characterized as a 23-page run-on sentence of allegations. (*See* Doc. # 30 at 14–37.)

## A.  Impermissible Shotgun Pleading

Despite being provided with specific instructions on how to amend his complaint, Plaintiff's amended complaint still constitutes an impermissible shotgun pleading. The Eleventh Circuit "ha[s] identified four rough types or categories of shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The first and "most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second and "next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of

2

asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

First, Plaintiff begins his 23-page spiel by stating, "See all exhibits that were attached to original complaint and amendments with specific dates of most claims with sworn affidavits by witnesses to claims." (Doc. # 30 at 13.) However, the June 23 Mem. Op. & Order advised Plaintiff that the complaint would be superseded by the amended complaint, and this action would proceed only as to the Defendants named and the claims presented in the amended complaint. (Doc. # 27 at 6.) Additionally, the amended complaint is still difficult to follow and filled with conclusory, vague, immaterial, and seemingly unrelated facts. Furthermore, the amended complaint asserts a multitude of claims (*e.g.*, assault and battery, excessive force, deliberate medical indifference, conditions of confinement, intentional infliction of emotional distress, denial of access to courts, retaliatory transfers, medical malpractice, criminal negligence) but fails to allege with any specificity which of the approximately 58 Defendants allegedly is liable under each claim. In

3

short, the amended complaint fails to give the Defendants adequate notice of the claims brought against them and the grounds upon which each claim rests.

**B.    Pending Motions**

**1.    *Motion to Withdraw as Attorney***

The first pending motion is a motion to withdraw as attorney for CHS AL, LLC d/b/a YesCare ("YesCare") filed by Philip Piggott.  (Doc. # 23.)  In his motion, Mr. Piggott asks to withdraw as counsel for YesCare based on (1) nonpayment of legal fees and (2) YesCare's recent Chapter 11 bankruptcy filing.  (Doc. # 23 at 1–2.)  Upon consideration and for good cause shown, this motion will be granted.

**2.    *"Motion for Joinder of Party for Just Adjudication Rule 18, 19, and 20 Civil Procedure"***

The second pending motion is a self-styled "Motion for Joinder of Party for Just Adjudication Rule 18, 19, and 20 Civil Procedure" filed by Plaintiff.  (Doc. # 29.)  In his motion, Plaintiff states that he received YesCare's suggestion of bankruptcy and "vehemently objects" because NaphCare, the entity now contracting with the Alabama Department of Corrections (ADOC) to provide inmate healthcare services after the ADOC terminated its contract with YesCare, is just YesCare operating under a different name to elude suits.  (*See* Doc. # 29 ¶ 1.)  To that end, Plaintiff moves to join NaphCare as yet another Defendant in this action.  Plaintiff named NaphCare as a Defendant in his amended complaint, and NaphCare is now a party to this action.  Accordingly, Plaintiff's motion will be denied as moot.

**C.** **Conclusion**

Based on the foregoing, it is ORDERED that Plaintiff must file a second amended complaint on or before **August 20, 2026**.  The second amended complaint must:

1. Include only those *specific* Defendants whom Plaintiff contends are personally responsible for the alleged violations of his constitutional rights;

2. Specify the actions or omissions of <u>each</u> Defendant that led to the alleged constitutional violations;

3. Describe how the acts or omissions of <u>each</u> Defendant harmed him; and

4. Describe when and where these alleged violations occurred.

To aid Plaintiff in complying with this Memorandum Opinion and Order, the Clerk of Court is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 actions:  Pro Se 14 (Rev. 12/16), Complaint for Violation of Civil Rights (Prisoner).  **Plaintiff must use the provided form to file his amended complaint.**  The second amended complaint will supersede the first amended complaint such that this action will proceed only as to Defendants named and the claims presented in the second amended complaint.

Plaintiff is reminded that he must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within 14 days following such change of address.  **Plaintiff is ADVISED that, if he fails to file a second amended complaint in compliance with the terms of this Memorandum**

**Opinion and Order, he will not be afforded an additional opportunity to amend the complaint, and this case will be in dismissed without further notice for failure to prosecute and comply with an order of the court.**

It is further ORDERED that

(1)     Mr. Piggott's motion to withdraw as attorney for YesCare (Doc. # 23) is GRANTED, and the Clerk of Court is DIRECTED to terminate Mr. Piggott as counsel of record for YesCare;

(2)     Plaintiff's "Motion for Joinder of Party for Just Adjudication Rule 18, 19, and 20 Civil Procedure" (Doc. # 29) is DENIED as moot; and

(3)     The Clerk of Court is DIRECTED to terminate C.O. Ziegler as a Defendant in this action.

DONE this 30th day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE